THE STATE, GEORGE W. PENWARDEN, PROSECUTOR IN CERTIORARI, v. THE BOARD OF COMMISSIONERS OF THE BOROUGH COMMISSION OF DUNELLEN.

By the provisions of the act of 1886 (*Pamph. L., p.* 251), a lien can be imposed upon land on front of which a street improvement is executed only when the specific improvement is required to be done by an ordinance, and not by resolution.

This is a writ of *certiorari* bringing up a certain assessment levied upon the lot of George W. Penwarden in the borough of Dunellen, in the county of Middlesex. The assessment, amounting to $255.82, is the amount of the cost incurred by the borough commission of Dunellen in flagging the sidewalk on Prospect avenue in said borough, in front of property owned by said George W. Penwarden.

Argued at June Term, 1888, before Justices SCUDDER and REED.

For the prosecutor, *John Schomp.*

For the defendants, *H. B. Willis* and *C. T. Cowenhoven.*

The opinion of the court was delivered by

REED, J. The borough commission of Dunellen was organized under an act approved March 7th, 1882, and the supplement thereto, to be found in the supplement to the Revision, on page 56. By the seventh section of the act,

power is conferred upon the board of commissioners to cause the streets and roads of said borough, or of such parts thereof as they may deem advisable, to be graded, graveled, or otherwise improved, and to determine the width, grade and construction of the sidewalks of the said borough, and if the same has not been previously paved, flagged or graveled, and curbed in a good and substantial manner, then to cause the same to be paved, flagged, graveled and curbed, or either of them, at the expense of the several owners of the improved property of said borough adjoining said sidewalk. And it is provided that if any owner, or owners, shall refuse or neglect to comply with any regulation or ordinance within thirty days after notification, then the commissioners may cause the work to be done, and in default of payment of the expense of said work by such owner or owners, the board of commissioners may sue for a recovery of the same.

On October 4th, 1886, the borough commissioners passed a resolution "that the property owners on the west side of Prospect avenue, between Grove street and North avenue, be required to macadamize the sidewalk in front of their property with fine crushed stone, not less than six inches deep and four feet wide." Upon the following day Mr. Penwarden was notified of this resolution. On December 6th, 1886, it was resolved by the commissioners that the following preamble and resolutions should be sent to Mr. George W. Penwarden: "Whereas, you have failed to comply with the notice duly served upon you, to improve the sidewalk in front of premises situate on the corner of Prospect avenue and Grove place; * * * and, whereas, the season of the year will not permit of macadamizing said sidewalk, it is resolved, * * * that the notice above mentioned be rescinded, and that the said George W. Penwarden be notified to flag with stone flagging, * * * within thirty days, the sidewalk on Prospect avenue," &c., which resolution was served upon George W. Penwarden on December 20th, 1886.

On January 26th, 1887, it was resolved, as the prosecutor had done nothing towards flagging his sidewalk, "that Mr.

R. J. Swackhamer be a committee to ascertain prices for laying same." On February 7th, Mr. Swackhamer was empowered to make the necessary contracts and have the work done. On June 24th, 1887, the bills for executing the said work were approved, and it was resolved that the bills be placed in the hands of the attorney of the board of commissioners to draw up the certificate of assessment to be made a lien upon said property for the amount of said bills. The certificate of assessment was so drawn and filed.

A number of reasons were filed attacking the legality of this assessment, but the only reason which attacks that part of the proceeding which occurred subsequently to the execution of the work, is because the commissioners have not proceeded to collect the amount of expense incurred by them by suit, instead of by filing the assessment as a lien. In respect to the objections made to the preliminary proceedings preceding the time of the execution of the work, I have found, in such proceedings, no incurable defects; but if there were such defects, the prosecutor is not now in a position to relieve himself of the obligation to pay the cost of these improvements by taking advantage of them. He was presumed to know the character of the provision contained in the borough commission's act for the execution of public improvements of this kind. He had repeated notification that the board of commissioners proposed to improve the sidewalk on Prospect avenue in front of his property. He knew that the board had passed resolutions that he should do the work in a certain manner. He was presumed to know that by the terms of the charter, on his default in doing the work for any reason, the borough commissioners could do it, and that the result of their doing it would be to impose upon him a liability to pay the amount of its cost. Now, if the proceedings which led up to the execution of this work by the board of commissioners were thought by the prosecutor to be in any respect illegal, his duty was to take prompt action looking to their review, before the borough, in reliance on their legality, had incurred this expense. The rule is firmly established, that "after a

public improvement has been completed and the costs and expenses have been incurred in its construction, it is too late to apply for a writ of *certiorari* to review the preliminary proceedings in laying out the improvement. A writ allowed on such reasons alone may be dismissed on the argument as improvidently issued, and such reasons will be disregarded on the hearing, if assigned in connection with other reasons." *State, Ropes, pros.,* v. *Essex Public Road Board,* 8 *Vroom* 335; *State* v. *Water Commissioners,* 1 *Vroom* 247; *State, Hampson, pros.,* v. *Mayor, &c., of Patterson,* 7 *Vroom* 159; *State, Hoboken Land Improvement Co., pros.,* v. *Hoboken,* 7 *Vroom* 291; *State, Wilkinson, pros.,* v. *Inhabitants of Trenton, Id.* 499; *State, Grant, pros.,* v. *Clark,* 9 *Vroom* 102; *Bowne* v. *Logan et al.,* 14 *Vroom* 421.

The application of this rule in this case disposes of all the reasons relied upon except the one already mentioned, namely, that the cost of this work should be collected by an action, and not by way of an assessment upon property. This contention springs out of the fact that the act of 1882, under which this borough was incorporated, does not provide for the filing of a lien for this kind of borough disbursements. As has been indicated, in setting out the terms of the act, it is there provided that upon the owner's default to pay such expenses, the board of commissioners might sue and recover the same.

It appears, however, that in 1886 an act was passed entitled "An act to enable boards of commissioners and improvement commissions in towns and villages, or within townships in this state, to enforce their ordinances respecting the laying and repairing of sidewalks, and to collect assessments for the cost and expenses thereof." *Pamph. L., p.* 237.

This act provides that in case any owner of lands in front of which any sidewalk is required by ordinance of any such board of commmissioners to be * * * flagged, * * * shall neglect or refuse to cause such work to be done, &c., * * * the board of commissioners may have such work done at the expense of the owner of said land, and in addition

to any powers now possessed for enforcing such ordinance, may either recover from said owner the amount of the costs and the expenses thereof by suit, * * * or may assess such costs and expenses upon the lot or tract of land in front. The act then provides for the certification of· such assessment to the collector of taxes and the filing of a copy of the certificate in the office of the county clerk, and that it shall be a lien from the date of the filing of such certificate.

The defendants invoke the provisions of this act as a vindication of their attempt to make this assessment a lien. · But if we admit that the terms of this act apply to improvements of this kind made by boards of borough commissioners, I, nevertheless, see an insuperable difficulty in applying it to the present proceeding. By section 7 of the act of 1882, the board of commissioners were empowered, either by resolution or ordinance, to cause the streets to be improved and flagged, &c. By the act of 1886, it is only when the owner of lands is required by ordinance to flag a sidewalk in front of his lands that the provisions for filing a lien for the cost of such work is applicable.

Now, in the present proceedings, while it is true that a general ordinance was passed by the board of commissioners of Dunellen, it was not an ordinance to cause the specific work to be done, for the expense of which this lien was filed. The ordinance, in general terms, provides that it shall be the duty of the board of commissioners to cause any street, section of street, or roadway, within the limits of such borough commission to be * * * flagged or improved, as said board may deem advisable. It provides that it shall be the duty of said board of commissioners to notify the several owners of the improved property adjoining any sidewalk to flag, * * * at the expense of the said owners, and that if said owners shall neglect to do so, that the borough commissioners shall cause the same to be done. In default of the payment of the expenses of such work by such owners, the board of commissioners shall sue for a recovery of the same. This ordinance only reiterates the duties which are devolved upon the com-

missioners, in this respect, by the general act. It does not commit them to the execution of any particular improvement. Indeed, the ordinance places no duty upon the commissioners which did not already exist by the statute, and therefore its effect is null. A determination of the board to execute the present improvement was not manifested by way of an ordinance, but by resolution. Now, although the borough commission had the undoubted power to order this work to be done by resolution as well as by ordinance, yet, when they invoked the terms of the act of 1886 as an authority for adopting a particular method for the collection of the expense of the work, they must bring themselves within the terms of that act, which only covers work which is done by authority of an ordinance. That the ordinance spoken of in the act of 1886 is one which requires a specific improvement to be made, is apparent from the provision, that should the owner neglect or refuse to cause such work to be done within thirty days from notice of said ordinance, such board of commissioners may have said work done at the expense of the owner.

A general ordinance that merely provides (using the terms of the act of incorporation) that it shall be the duty of the board of commissioners to cause any street to be graded as said board of commissioners may deem advisable, will furnish no notice to any owner that it has been ordained that any particular street, or section of a street, or sidewalk of a street, is to be improved. The holding that such a general ordinance is the one contemplated by the act of 1886, would result in placing a lien upon an owner's land as the result of his neglect or failure to do something which was altogether undefined. The power to collect in a summary method by way of a lien must rest upon strict statutory authority. One of the conditions upon the existence of which it can be asserted is, that the specific improvement shall be ordered by ordinance. This was ordered by resolution. I am therefore constrained to hold that the assessment brought up by this writ must be set aside.